921 So.2d 219 (2006)
STATE of Louisiana, Appellee,
v.
Aristede Francois BURD, Appellant.
No. 40,480-KA.
Court of Appeal of Louisiana, Second Circuit.
January 27, 2006.
*220 W. Jarred Franklin, Louisiana Appellate Project, for Appellant.
*221 Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Bill Edwards, Dhu Thompson, Assistant District Attorneys, for Appellee.
Before CARAWAY, MOORE and LOLLEY, JJ.
CARAWAY, J.
In this case, the defendant was convicted of aggravated rape after the jury rejected his defense of a consensual sexual encounter with the victim. He was sentenced to life imprisonment at hard labor without benefits. Finding sufficiency of the evidence and no reversible error in other issues raised by defendant, we affirm.

Facts
On February 18, 2003, the defendant, Aristede Francois Burd, offered a ride to A.T., who was 31 weeks pregnant, as she walked home from a casino in downtown Shreveport. The defendant told the victim that his name was "Charles." A.T. testified that she became uncomfortable when the defendant suggested that they "pick somebody up." She opened the car door at a stop light and told him unless he took her directly home she would get out of the car. He promised "he wasn't going to do anything," and she closed the door. After driving to A.T.'s apartment complex, Burd assaulted her with a knife as she exited the vehicle and threatened to kill her and her unborn baby if she did not cooperate. The defendant took her inside her apartment where she was raped at knife point. A.T. testified that at one point during the attack, her hand was cut and she went into the bathroom to rinse off the blood from her wounded hand. A.T. testified that when she came out of the bathroom, defendant had left her apartment. After unsuccessfully attempting to copy the license plate number from the defendant's vehicle, A.T. ran to find the security guard for the apartment building. When she could not find the security guard, she called 9-1-1 from a nearby pay phone.
Shreveport Fire Department personnel responded to the call and found the victim in the parking lot with blood on her hands and a cut on her right palm. Officer Angela Pell of the Shreveport Police Department obtained a description of the vehicle and information that the defendant lived near the LSU Medical Center Hospital. Another officer located the defendant's vehicle parked at an apartment complex near the hospital.
The victim was transported to the hospital for treatment of her hand wound and physical examination for rape. Connie Brown of the North Louisiana Criminalistics Laboratory testified that DNA tests conducted on the profile of a breast swab obtained from the rape kit examination was consistent with being a mixture of DNA from A.T. and the defendant.
Officer John Delgado collected evidence at the victim's apartment, including her clothes which he found in a hamper by the bed. He observed blood and bodily fluids on the sheets and mattress. No knife was found in the apartment. Once the victim identified the defendant in a photo lineup, Detective Kim Rei led a search of the defendant's apartment almost 24 hours after the incident was reported. Tennis shoes stained with blood, two shirts, and two kitchen knives with black handles were seized. The defendant's vehicle was impounded and searched. Officer Rei took defendant's statement in which he asserted that his sexual conduct with A.T. was consensual. The confession was played for the jury.
At trial, evidence of a prior sex crime by Burd was presented. The victim, K. H., testified that, in 1999, the defendant forced her into a car and threatened her *222 with a black-handled kitchen knife. She stated that while she was in the car, the defendant raped her twice and threatened to cut her if she screamed. The defendant then took her to his apartment and raped her again.
The defendant was convicted of aggravated rape and sentenced to life imprisonment without benefits.

Discussion
Appellant argues that there is insufficient evidence to support his conviction for aggravated rape, that the sexual encounter was consensual and that the state failed to prove lack of consent therefor. He claims that inconsistencies in the victim's testimony at trial and statements she made during the investigation destroyed her credibility.
La. R.S. 14:42(A) defines aggravated rape as a rape committed where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.
(5) When two or more offenders participated in the act.
(6) When the victim is prevented from resisting the act because the victim suffers from a physical or mental infirmity preventing such resistance.
The proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, State ex rel. Gilliam v. State, 02-3090 (La.11/14/03), 858 So.2d 422. In the absence of internal contradiction or irreconcilable *223 conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Ponsell, 33,543 (La.App.2d Cir.8/23/00), 766 So.2d 678, writ denied, 00-2726 (La.10/12/01), 799 So.2d 490; State v. Simpson, 39,268 (La. App.2d Cir.1/26/05), 892 So.2d 694.
The primary issue on appeal is whether the sexual intercourse between the defendant and the victim occurred without the victim's consent. In his statement to police, the defendant confirmed that A.T. needed a ride home to her apartment. He said he took her to her apartment and that one thing led to another and they had sex. Burd's explanation for A.T.'s cut and the bloody scene found in her apartment was that after the sexual encounter, A.T. became depressed and suicidal. He claimed that A.T. produced a knife and that in his efforts to prevent her from harming herself, her hand was cut. He then admits that he left the scene without rendering further aid.
In contrast, A.T. testified that she arrived at the casino at 11:00 or 11:30 p.m. and left after a couple of hours. She had lost her money and had no fare for a cab. A few blocks from the casino, the defendant stopped and opened the door for her from inside the vehicle. When she tried to get out of the car at her apartment, she had difficulty opening the door and the defendant immediately came around and opened the door for her. As she exited the vehicle, Burd pulled a knife from behind him, put it on her stomach, and told her that they were going into her apartment. At that point, he threatened to kill her and her baby if she did not follow his directions.
Officer Pell testified that when she obtained A. T.'s initial statement, she was crying and very shaken up. The victim was so upset, she had trouble talking. The victim told Officer Pell that the defendant pulled a knife on her in the apartment building parking lot and tried to force her to have intercourse in the vehicle. Dr. Behm testified that A.T. reported that the defendant took her home then pulled out a knife.
Burd attempts on appeal to point out certain alleged discrepancies in the details of A.T.'s statements and actions which the defense implies should elevate Burd's account of the parties' encounter over A.T.'s account. None of these details were of such material content to seriously call into question A.T.'s account of a forcible rape. The parties were not prior acquaintances; A.T. was 7-1/2 months pregnant; and Burd confirmed that they first encountered each other by chance only because of her need for a ride home. Burd's version of the attempted suicide and his unexcused abandonment of the injured woman are easily beyond belief when considered in the context of all other facts shown by the evidence. Burd's argument therefore goes to credibility which was for the jury to decide. The jury could easily reject Burd's incredible story and, accepting A.T.'s account and the corroborating evidence, find guilt beyond a reasonable doubt. The assignment of error regarding the sufficiency of the evidence is without merit.
In his next assignment, defendant argues that the trial court erred in allowing evidence of the prior crime involving K.H. Burd asserts that there was such factual dissimilarity between the two sexual assaults that the prejudicial effect of admitting the evidence completely outweighed its probative value. The state argues that defendant made no contemporaneous objection to the evidence and therefore appellant has waived any right to appeal this issue.
*224 When an accused is charged with a crime involving sexually assaultive behavior, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403. La. C.E. art. 412.2. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403.
The state filed a notice of intent to introduce evidence of other crimes under the authority of La. C.E. art. 412.2, including information concerning five female victims. K.H. was named first among those victims. A hearing was held regarding the admissibility of the defendant's statements concerning this case. No objection was made to the court's ruling that the statements were admissible at trial. Likewise, at trial when the evidence was introduced, no objection was made.
K.H. testified that defendant raped her on April 3, 1999, when she was 14 years old. She was walking to the bus stop when the defendant grabbed her and forced her into the backseat of his car. After driving to a remote location, he raped her twice, and threatened her with a knife if she screamed. Then, defendant took her to his apartment where she was again raped. K.H. described the knife as a "kitchen" or "butcher" knife with a black handle.
While the state is correct that this issue was not properly preserved for appeal, we find no merit in Burd's arguments concerning the lack of relevance of the other assault. Burd suggests that the only relevant prior crime behavior would have to include some form of initial consensual behavior between the victim and Burd, similar to what occurred in this case between the parties before they reached A.T.'s apartment. The crime in this case began when Burd assaulted A.T. with a knife and forced her into an apartment where the rape occurred. There was a similar pattern of behavior present in the prior rape of K.H., and we find that after employing the test of La. C.E. art. 403, the evidence was admissible. This second assignment of error is without merit.
In his next assignment, defendant argues that the knives were wrongfully admitted into evidence and that the victim's testimony that one knife was similar to the one used during the commission of the offense was insufficient to support admission into evidence, citing State v. Manieri, 378 So.2d 931 (La.1979); and State v. Gray, 526 So.2d 1268 (La.App. 3d Cir. 1988), writ denied, 531 So.2d 468 (La. 1988).
La. C.E. art. 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Furthermore, all relevant evidence is admissible unless constitutionally prohibited. La. C.E. art. 402. The trial court is given great discretion in determining whether evidence is relevant, and absent a clear abuse of discretion, rulings on relevancy of evidence should not be disturbed on appeal. State v. Stowe, 93-2020 (La.4/11/94), 635 So.2d 168.
Before demonstrative evidence can be admitted it must be shown that, more probably than not, the evidence is connected to the case. That foundation can be laid by establishing a chain of custody of the evidence, or by visual identification. Once that foundation is established, the *225 weight to be given the evidence is a question for the jury. State v. Landry, 388 So.2d 699 (La.1980), cert. denied, 450 U.S. 968, 101 S.Ct. 1487, 67 L.Ed.2d 618 (1981). The danger in admitting evidence not shown to be connected to the case is that the jury will infer such a connection from a mere viewing of the evidence, although that connection is not proved. Id.
In State v. Manieri, supra, the Louisiana Supreme Court held:
It is error to introduce into evidence weapons which are allegedly "similar" to the ones used in the murder. The jurors naturally tend to infer a connection between the weapon and the murder simply from a mere viewing of the material object, although such a connection is not proved. The viewing tends without proof prejudicially to associate the accused with the deadly weapon. Because the potential for prejudicial effect may outweigh any probative value such evidence may possess, it is our view that a trial judge flirts with prejudicial error when he permits such evidence to be introduced.
In that case (and several subsequent cases), the erroneous admission of such evidence was subject to harmless error analysis. Id. See also State v. Anthony, 98-406 (La.4/11/00), 776 So.2d 376, cert. denied, 531 U.S. 934, 121 S.Ct. 320, 148 L.Ed.2d 258 (2000); State v. Lee, 38,114 (La.App.2d Cir.3/3/04), 868 So.2d 256, writ denied, 04-1128 (La.10/8/04), 883 So.2d 1027; State v. Lewis, 97-2854 (La.App. 4th Cir.5/19/99), 736 So.2d 1004, writ denied, 99-2694 (La.3/17/00), 756 So.2d 325. A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused. La. C. Cr. P. art. 921.
During the victim's testimony, she described the knife used during the attack as a "kitchen knife." The state also showed the victim a knife found in Burd's apartment (exhibit S-6), which she described as a little bigger than the knife the defendant used. She testified that the other knife in exhibit S-7 was similar to the knife used by the defendant.
Both knives were seized during the search of defendant's apartment. Exhibit S-6 was found in the dishwasher and exhibit S-7 was on the counter. The knives were admitted into evidence over defense counsel's objections on the grounds of lack of foundation and relevancy.
Given the weakness in the testimony of A.T. and the generic knives in question, the state failed to prove that either knife admitted into evidence was the knife used in committing the rape. Therefore, under the holding in Manieri, supra, it was error for the trial court to admit the knives into evidence. Yet, as shown by State v. Gray, supra, in which the state introduced a rifle that was identical to the one purchased by the defendant and used as the murder weapon, the improper admission of such evidence may be harmless error.
In the instant case, the victim stated that exhibit S-7 appeared similar to the knife the defendant used in committing the rape. The state then established where the knives were found and the procedures used in collecting the evidence. Officer Delgado testified that no knives were found in the victim's apartment which corroborated her statement that she had recently moved and had no knives. During closing arguments, the state did not refer to either knife as the weapon used during the incident. As previously noted, the defendant's conviction is overwhelmingly supported by testimony and the physical evidence of the crime. Defendant's taped confession admits that a knife was involved and that he was present *226 when A.T. was cut. The jury's verdict was not attributable to this error regarding a fact that was clearly proven otherwise. This assignment is without merit.
In his final assignment, the defendant argues that the trial court imposed an unconstitutionally excessive sentence. Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. La. R.S. 14:42(D)(1).
The defendant neither objected contemporaneously to the sentence nor filed a motion to reconsider sentence. When a defendant fails to file a motion to reconsider sentence, the appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993). The trial court failed to cite any aggravating or mitigating factors listed under La. C. Cr. P. art. 894.1. However, where there is a mandatory sentence, there is no need for the trial court to justify, under article 894.1, a sentence it is legally required to impose. State v. Hill, 40,023 (La.App.2d Cir.9/21/05) 911 So.2d 379; State v. Stokes, 36,212 (La.App.2d Cir.9/18/02), 828 So.2d 631, writ denied, 02-2807 (La.9/5/03), 852 So.2d 1023; State v. Stevens, 33,700 (La.App.2d Cir.8/23/00), 766 So.2d 634. Considering the violent nature of the crime and the defendant's criminal history, the sentence imposed was not excessive. This assignment is without merit.

Decree
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.