BROWN, Chief Judge.
 

 |,A bill of information charged defendant, Brandon Brown, with armed robbery with a firearm under La. R.S. 14:64 and La. R.S. 14:64.3. The crime occurred as the victim was entering an elevator from the parking lot at Sam’s Town Casino on December 31, 2005. A jury found defendant guilty, and he was sentenced to serve 50 years at hard labor without benefit of parole, probation, or suspension of sentence. As provided by La. R.S. 14:64.3, an additional consecutive five years without benefit of parole, probation, or suspension for the use of a firearm in the robbery was added.
 
 [1]
 
 Defendant’s motion for an out-of-time appeal was granted, and this appeal followed. On appeal, defendant claims that the evidence was insufficient to convict and that the sentence was excessive. We affirm.
 

 Discussion
 

 Defendant asserts that the evidence presented at trial was insufficient to support his conviction.
 

 Applicable Legal Principles
 

 The decision of the U.S. Supreme Court in
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), expanded appellate review of facts in state court criminal cases. The
 
 Jackson
 
 decision did away with Louisiana’s “no evidence” standard because it did not adequately protect due process guarantees. The
 
 Jackson
 
 court held that the proper test for determining a claim of insufficiency of evidence in a criminal case is |2whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. On appeal, a reviewing court must view the evidence in the light most favorable to the state and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.
 
 Jackson v. Virginia,
 
 443 U.S. at 324, 99 S.Ct. at 2792-93. Having been fully implemented by the Louisiana Supreme Court and legislatively enacted in La. C. Cr. P. art. 821, the
 
 Jackson
 
 reasonable doubt standard is now the only standard of review
 
 of
 
 facts
 
 for
 
 
 *303
 
 Louisiana appellate courts.
 
 See State v. Mitchell,
 
 99-3342 (La.10/17/00), 772 So.2d 78, 86 (Lemmon, J, concurring).
 

 Testimony and Evidence
 

 Around 7:40 a.m. on December 31, 2005, Sylvia Crawford went to Sam’s Town Casino in Shreveport, Louisiana. She parked her vehicle on the second floor of the parking garage and walked toward the elevators. She noticed a man standing to her left, who appeared “out of nowhere.” The man, who was dressed all in black, proceeded to walk with her to the elevator. Wflien they arrived at the elevator, the man asked if she was going up or down, then began pressing both buttons repeatedly. When the elevator door opened, Ms. Crawford got into the elevator and the man followed. He pressed the elevator button, then stood in the elevator doorway, pulled out a gun, cocked it and said, “Bitch give me your purse or I’ll kill you.” Ms. Crawford handed over her pocketbook. The man then repeatedly told her to “close the door.” She tried to do so, but because the man was standing in the doorway, the elevator door wouldn’t close. The |sman said, “If you don’t close that door I’ll kill you.” Ms. Crawford kept pressing the elevator buttons, and the door finally closed but opened up again. The man was still standing at the door. He told her that she better not have any more money on her. He said, “Take your pockets out of your jeans,” and she complied. Ms. Crawford told the man that she gave him everything, and she pleaded for him not to hurt her but to take her purse and leave. The man left, and the elevator doors closed. Ms. Crawford pushed the elevator button and went up. She got off the elevator and notified some casino workers that she had just been robbed and asked them to call security. The casino security officers called the Shreveport Police Department.
 

 The victim stated that she had nine $100 bills in her purse and other items including her disabled father’s identification card and checkbook. Ms. Crawford described the perpetrator as a black male wearing dark clothing. A security camera looking at the elevator door showed the robbery as it took place but was not adequate to identify either person. The camera in the elevator was out of order. Video footage showed the perpetrator running from the elevator to a car at 7:45 a.m. Another security camera showed a maroon Kia Sephia driven by a black male leaving the parking garage at 7:46 a.m. A picture of the license plate was taken. Police officers went to the address shown on the vehicle’s registration. Johnny Henderson told officers that although the car was registered to his sister, it actually belonged to his niece, Nadia Henderson. Nadia’s uncle also told officers that his niece’s boyfriend, Brandon Brown, had been driving the car | recently. Officers then went to the Windsor Street residence of defendant’s girlfriend, Nadia Henderson, the co-owner of the vehicle. Upon arrival at Ms. Henderson’s home shortly after 9:00 a.m., Shreveport Police Officer R.W. Gordon saw defendant under the carport wearing dark-colored clothing. Defendant went inside the house. After the residence was surrounded by police, Officer Gordon knocked on the carport door. It was answered by Ms. Henderson. Officer Gordon asked for defendant, Brandon Brown, and Ms. Henderson told Officer Gordon that Brandon wasn’t there. Officer Gordon informed her that he had just seen Brandon enter the home. At that point, Ms. Henderson motioned for Officer Gordon to enter the residence and she called for defendant, who emerged from the bedroom wearing cream-colored clothing. Defendant was taken into custody “without incident” and searched. He had $301 on his person.
 

 
 *304
 
 Ms. Henderson gave the officers written permission to search the vehicle and her home. The officers recovered black pants from the floor of the master bedroom and a matching black jacket from the driver’s seat of the vehicle. Inside the jacket pocket was the victim’s father’s identification card. The officers also recovered the victim’s father’s checkbook from the driver’s side floorboard of the vehicle. No gun was found at the home or in the car.
 

 At the police station after defendant’s arrest, the victim was shown a photographic lineup, and she identified defendant’s photograph as the perpetrator of the robbery. The victim also identified defendant as the perpetrator at trial.
 

 | sDefendant testified at trial, admitting that he was at the Sam’s Town Casino parking garage on the morning of the robbery, but claimed that he was there to see a woman he met earlier that morning at a nearby nightclub. Defendant denied robbing Ms. Crawford and had no explanation for the stolen items found in his jacket pocket and in the vehicle other than that the “real robber” or the police must have put them there. Ms. Henderson testified that defendant was not wearing black clothing the morning of the robbery.
 

 A review of the record under the
 
 Jackson
 
 standard clearly supports the jury’s unanimous verdict of guilty of the crime of armed robbery with a firearm. The eyewitness testimony of the victim regarding the elements of the crime, including her positive identification of defendant as the perpetrator, was corroborated by many facts, including that some of the stolen items were found at defendant’s girlfriend’s residence and in the vehicle he had just driven. Considering that this robbery took place in daylight and that the victim was face to face with the perpetrator for two to three minutes, a reasonable jury could have found the identification reliable. The security camera showed the robbery, the perpetrator fleeing the scene, and the maroon Kia automobile leaving the parking lot immediately after the robbery. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s identification is sufficient support for a requisite factual conclusion.
 
 State v. Durham,
 
 43,558 (La.App.2d Cir.10/15/08), 996 So.2d 642;
 
 State v. Burd,
 
 40,480 (La.App.2d Cir.01/27/06), 921 So.2d 219,
 
 writ denied,
 
 06-1083 (La.11/09/06), 941 So.2d 35. This assignment of error is without merit.
 

 Excessiveness of Sentence
 

 When a defendant fails to timely file a La. C. Cr. P. art. 881.1 motion to reconsider sentence, the appellate court’s review is limited to the bare claim that the sentence is constitutionally excessive.
 
 State v. Mims,
 
 619 So.2d 1059 (La.1993);
 
 State v. Jones,
 
 41,449 (La.App.2d 09/20/06), 940 So.2d 61;
 
 State v. Duncan,
 
 30,453 (La.App.2d Cir.02/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice.
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Livingston,
 
 39,390 (La.App.2d Cir.04/06/05), 899 So.2d 733;
 
 State v. White,
 
 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
 

 Although the defendant was 23 years old, the record supports the conclusion that defendant’s cumulative 55-year sentence is not excessive. Not only is it in the statutory range for the offenses of conviction, it is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice.
 
 See State v. Ijobato, supra; State v. White, supra.
 
 We note that the state initially filed a habitual offender bill but withdrew it when
 
 *305
 
 it was unable to obtain records from Orleans Parish after Hurricane Katrina.
 

 Conclusion
 

 For the reasons set forth above, defendant’s conviction and sentence are affirmed.
 

 [1]
 

 . Defendant was charged with armed robbery with a firearm under both La. R.S. 14:64 and La. R.S. 14:64.3 and thus faced the mandatory additional five years for using a firearm.
 
 State v. Adkins,
 
 39,724 (La.App.2d Cir.06/29/05), 907 So.2d 232, writ denied, 06-2514 (La.05/04/07), 956 So.2d 607;
 
 State v. Odell,
 
 37,194 (La.App.2d Cir.06/05/03), 850 So.2d 749.