MOORE, J.
 

 liThe defendant was charged with aggravated battery and simple criminal damage to property. A jury returned guilty verdicts to the lesser included charge of simple battery and simple criminal damage to property. The trial court imposed a sentence of 6 months imprisonment in the parish jail for the simple battery conviction and 18 months imprisonment at hard labor for the simple criminal damage to property conviction. The court mandated that the sentences should run concurrently and suspended all but 9 months of the sentence for simple criminal damage to property. The court also imposed $1,000 as restitution for the damage to property, and $200 in court costs.
 

 The defendant now appeals, alleging that the evidence was insufficient to sup
 
 *454
 
 port the verdict with regard to the charge of simple criminal damage to property in excess of IhOO.
 
 [1]
 
 Because we conclude that the evidence at trial was sufficient to allow a rational jury to find the defendant guilty of the charge of simple criminal damage to property beyond a reasonable doubt, we affirm.
 

 Facts
 

 On August 28, 2008, the defendant entered the Family Dollar Store at 3730 Lakeshore Drive in Shreveport. The store manager, Roosevelt Mitchell, noticed that the defendant was carrying bags in the store that were not from the Family Dollar Store. He also recognized that the defendant was the same person who, on a previous occasion, he had asked to leave his other shopping bags at the cash register when shopping in the store. On this pearlier occasion, Mitchell waited until the defendant was in the register line to advise him that next time he came in the store, he must leave his bags at the register.
 

 The defendant reacted angrily to Mitchell’s admonishment. He told Mitchell to go “fuck himself,” and said, “Take them, Little Nigger” and “Fuck you, Little Nigger.”
 

 Because the defendant was using foul language, Mitchell asked the defendant to leave the store. The defendant responded that he was not leaving until he paid for his items.
 

 Mitchell then instructed the cashier not to wait on the defendant. In response, the defendant threw a bottle of bleach into a merchandise stand near the checkout line.
 

 Mitchell then went to call the police. The defendant followed him and said, “I’m going to show you what a real man would do.” As Mitchell turned, the defendant punched him, knocking him back. Mitchell ducked a second punch, and slashed at the defendant with a small knife or box cutter. The blade found its mark, cutting the defendant on the neck. Mitchell testified at trial that he was trying to get the defendant to “back off.”
 

 Mitchell then ran away from the defendant, who proceeded to hurl merchandise at Mitchell, including canned goods and a glass paperweight that struck Mitchell in the head. At this point, the fight apparently ended.
 

 The fire department apparently arrived first and attended to the defendant until the police arrived. The defendant was taken to the hospital where he required 12 stitches to mend the neck wound.
 

 13The police arrived at the scene, finding the store in disarray as they obtained information about the incident.
 

 On October 30, 2006, the defendant was charged by bill of information with one count of aggravated battery in violation of La. R.S. 14:34, and one count of simple criminal damage to property in violation of La. R.S. 14:56.
 

 After trial, the jury returned guilty verdicts to the lesser included charge of simple battery and simple criminal damage to property. Prior to sentencing, the defense filed a motion for post verdict judgment of acquittal, which was denied by the trial court. Following sentencing, the defendant filed a motion to reconsider sentence, which the trial court denied.
 

 The defendant filed this appeal, alleging the sole error that there was insufficient evidence to support the conviction of simple criminal damage to property in excess of $500.
 

 Discussion
 

 The defendant contends that the evidence does not establish that he dam
 
 *455
 
 aged property valued in excess of $500 because there is no conclusive proof or calculation as to who actually caused what damage and how much its value was.
 

 At trial, the defendant contradicted Mitchell’s account of the incident. He testified that he was acquainted with the manager of the store, referring to the manager as “Mr. Homer.” He stated that Mitchell was the assistant manager of the store. In June of 2008, he said Mitchell had stopped him in the store and “yelled” at him to leave his bags at the register. The defendant |4stated that Mr. Homer had told Mitchell at that time to “let him alone” and that store policy did not require the defendant to surrender his belongings. The defendant testified that Mitchell had threatened the defendant during this prior incident: “He told me if I come back in there again, don’t turn it in to him. It’s gonna be he and I out on the floor[.]”
 
 [2]
 

 The defendant testified that on August 28, 2006, he had entered the store with three bags in his shopping cart; two of the bags were from another grocery store, and contained food items. After he had selected the items he wished to purchase, Mitchell came from the back of the store to reprimand the defendant about bringing other bags into the store. According to the defendant, Mitchell pursued the defendant to the front of the store, with a box cutter in one hand and a knife in the other.
 

 The defendant denied threatening, punching, or throwing the paperweight at Mitchell. He said he asked Mitchell, “What have I done for you to keep harassing me or threatening me? You do bodily harm. You the one [sic ] with the knife.” The defendant testified that Mitchell cut him “continuously,” all over his hands, arms, and neck. He testified that he had thrown things at Mitchell in self-defense, also stating that Mitchell had thrown objects at the defendant.
 

 Although a video surveillance tape was shown to the jury that tended to support Mitchell’s account, the defendant contends that the tape is inaccurate and shows only one angle of the incident although there were | ¡¡other cameras. Finally, he argues that since much of the damage was the result of blood contamination, and it was Mitchell who started the fight and who cut the defendant which caused the blood contamination, he is not responsible.
 

 The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
 
 State v. Tate,
 
 2001-1658 (La.5/20/03), 851 So.2d 921,
 
 cert. denied,
 
 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004);
 
 State v. Cummings,
 
 95-1377 (La.2/28/96), 668 So.2d 1132;
 
 State v. Murray,
 
 36,137 (La.App. 2 Cir. 8/29/02), 827 So.2d 488,
 
 writ denied,
 
 2002-2634 (La.9/05/03), 852 So.2d 1020.
 

 Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency.
 
 State v. Allen,
 
 36,180 (La. App. 2 Cir. 9/18/02), 828 So.2d 622,
 
 writs denied,
 
 2002-2595 (La.3/28/03), 840 So.2d 566, 2002-2997 (La.6/27/03), 847 So.2d 1255,
 
 cert. denied,
 
 540 U.S. 1185, 124 S.Ct. 1404,158 L.Ed.2d 90 (2004).
 

 
 *456
 
 In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion.
 
 State v. Wiltclier,
 
 [ r;41,981 (La.App. 2 Cir. 5/9/07), 956 So.2d 769;
 
 State v. Burd,
 
 40,-480 (La.App. 2 Cir. 1/27/06), 921 So.2d 219,
 
 writ denied,
 
 2006-1083 (La.11/9/06), 941 So.2d 35.
 

 La. R.S. 14:56(A) states that: “[s]imple criminal damage to property is the intentional damaging of any property of another, without the consent of the own-erf.]” The crime of simple criminal damage to property requires only general criminal intent.
 
 State v. Shaw,
 
 37,168 (La. App. 2 Cir. 6/25/03), 850 So.2d 868. General criminal intent is present “when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the proscribed criminal consequences as reasonably certain to result from his act or failure to act.” La. R.S. 14:10(2). In this case, the defendant’s conviction and the extent of the damage was supported by the testimony of the police, store manager Roosevelt Mitchell, district manager Gary Faircloth, and the physical evidence, including a videotape of the incident.
 

 Gary Faircloth had worked for the company for five years, and was often required to assess the value of damaged merchandise and store property. According to Faircloth, damage to the store was extensive. Fixtures had to be replaced at a cost of $800. He stated that merchandise worth $1,500 was destroyed because of the incident, and much of the merchandise had to be disposed of because of blood contamination. His testimony alone was sufficient for the jury to find that the property damage had amounted to over $500.
 

 17Shreveport Police Officer Melissa Crow, the first police officer at the scene, described what she saw in the store. There were two bottles of bleach opened and food soaked in it. There was a shelf on the floor and a piece of metal off the side of the shelf. The paperweight that the defendant used to strike Mitchell was on the floor. There was also blood from the cash register to the front door.
 

 Photographs of the condition of the store were taken and identified by Officer Crow. These were shown to the jury. The defendant’s blood was spattered in the front of the store and in two store aisles, supporting Mitchell’s account that the defendant had continued to pursue Mitchell even after being cut. Mitchell had sustained injuries consistent with his testimony that the defendant had punched Mitchell and thrown merchandise at Mitchell. The defendant must have adverted to the damage to the store as reasonably certain to follow his action of running through the store while bleeding copiously, throwing merchandise and breaking shelves.
 

 Corporal Michael Armstrong of the Shreveport Police Department reviewed the video surveillance tape of the incident. Armstrong testified that the video was a “multiplex” video, meaning that several camera views were flashed all at once. Armstrong used a computer program to isolate a camera view of the incident. Armstrong indicated in testimony that the camera had only captured the front of the store. This video surveillance recording of the incident was shown to the jury.
 

 The defendant’s account contradicted the testimony given by Mitchell; however, the defendant’s testimony was rife with inconsistencies |8and illogical statements. The defendant did admit to having damaged merchandise (by throwing objects at Mitchell), but stated that he had done so in self-defense, because Mitchell was pursuing the defendant and throwing objects at
 
 *457
 
 the defendant. Given the fact that inconsistencies in the defendant’s testimony indicate a lack of credibility, a rational finder of fact could have chosen not to lend weight to the defendant’s version of events.
 

 After viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found that the state proved all essential elements of simple criminal damage to property over $500 beyond a reasonable doubt. The defendant’s assignment of error is without merit.
 

 CONCLUSION
 

 For the foregoing reasons, the conviction and sentence of the defendant, Lawrence Morris, of simple criminal damage to property is affirmed.
 

 CONVICTION AND SENTENCE AFFIRMED.
 

 [1]
 

 . The defendant does not appeal his conviction or sentence for simple battery.
 

 [2]
 

 . The defendant stated that Homer had not received a subpoena because he would have lied under oath, because “[h]e can’t go against his store. He can’t go against Roosevelt Mitchell[.)”