GASKINS, J.
 

 | ¶ Following a jury trial, the defendant, Christopher Eugene Ashley, was convicted of distribution of marijuana, a schedule I controlled dangerous substance (CDS); he was acquitted of three other drug charges. He was sentenced to five years at hard labor to run consecutively with a six-month sentence for contempt. The defendant appeals. We affirm his conviction and sentence.
 

 FACTS
 

 On June 6, 2007, an undercover narcotics agent for the Bossier City Police Department participated in the purchase of a half pound of marijuana; the transaction took place in a vehicle parked in the driveway of a Bossier City residence. The agent sat in the back seat of the car, while the defendant sat in the front passenger seat and D’Carrio Wilson sat in the driver’s seat. The agent paid $300 and was given a bag of marijuana. The defendant and Wilson were later arrested. A search of the vehicle revealed additional marijuana, as well as Lortab and ecstasy pills.
 

 The defendant was charged with distribution of marijuana; possession of marijuana with intent to distribute; possession of MDMA (ecstasy) with intent to distribute; and possession of hydrocodone (Lor-tab) with intent to distribute.
 
 [1]
 

 At the defendant’s trial in May 2008, the agent testified that when he, the defendant and Wilson were in the car, he asked Wilson if he had “the dope” with him. Wilson replied affirmatively, at which point the defendant pulled out the bag of marijuana and handed it to the agent. The agent then [2handed the money to Wilson. However, Wilson testified that he was solely responsible for the drug transaction; he stated that he — not the defendant — put the marijuana on the console and the agent picked it up. He insisted that the defendant was unaware of the drugs in the vehicle and took no part in the transaction. The defendant, who absconded on the first day of the trial, did not testify. Due to his flight, a bench warrant was issued for his arrest, and the court ordered forfeiture of his bond.
 

 The jury convicted the defendant of distribution of marijuana, but acquitted him of the three other charges. Following his subsequent capture, the defendant was found to be in contempt of court and sentenced to six. months in jail for fleeing during the trial. On the distribution of marijuana charge, the trial court sentenced the defendant to five years at hard labor, to be served consecutively to any other sentence including the contempt sen
 
 *195
 
 tence. A motion to reconsider the sentence was filed and denied.
 

 The defendant appeals, asserting that the evidence was insufficient to support his conviction.
 

 SUFFICIENCY OF EVIDENCE
 

 Law
 

 To present sufficient evidence of distribution of a CDS, the state must prove the following elements: (1) delivery or physical transfer of the CDS to its intended recipient; (2) guilty knowledge of the CDS at the time of the transfer; and (3) the exact identity of the CDS.
 
 State v. Braziel,
 
 42,668 (La.App. 2d Cir.10/24/07), 968 So.2d 853.
 

 |sThe proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. On appeal, a reviewing court must view the evidence in the light most favorable to the state and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
 
 State v. Brown,
 
 43,916 (La.App. 2d Cir.2/25/09), 4 So.3d 301.
 

 This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 2005-0477 (La.2/22/06), 922 So.2d 517;
 
 State v. Dotie,
 
 43,819 (La.App. 2d Cir.1/14/09), 1 So.3d 833. The appellate court does not assess the credibility of witnesses or reweigh evidence.
 
 State v. Smith,
 
 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part.
 
 State v. Eason,
 
 43,788 (La.App. 2d Cir.2/25/09), 3 So.3d 685;
 
 State v. Hill,
 
 42,025 (La.App. 2d Cir.5/9/07), 956 So.2d 758,
 
 writ denied,
 
 2007-1209 (La.12/14/07), 970 So.2d 529.
 

 Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency.
 
 State v. Speed,
 
 43,786 (La.App. 2d Cir.1/14/09), 2 So.3d 582;
 
 State v. Allen,
 
 36,180 (La.App. 2d Cir.9/18/02), 828 So.2d 622,
 
 writs denied,
 
 2002-2595 (La.3/28/03), 840 So.2d 566, 2002-2997 (La.6/27/03), 847 So.2d 1255,
 
 cert. denied,
 
 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
 

 In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion.
 
 State v. Gullette,
 
 43,032 (La.App. 2d Cir.2/13/08), 975 So.2d 753;
 
 State v. Burd,
 
 40,480 (La.App. 2d Cir.1/27/06), 921 So.2d 219,
 
 writ denied,
 
 2006-1083 (La.11/9/06), 941 So.2d 35. The testimony of a single undercover police officer is sufficient to convict one charged with the distribution of a CDS.
 
 State v. Kelley,
 
 36,602 (La.App. 2d Cir.1/29/03), 836 So.2d 1243.
 

 The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness; the reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law.
 
 State v. Casey,
 
 1999-0023 (La.1/26/00), 775 So.2d 1022,
 
 cert. denied,
 
 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).
 

 Discussion
 

 The defendant contends that the evidence was insufficient to convict him
 
 *196
 
 because of the following factors: the agent’s reports did not mention the defendant handing the drugs to the agent; the buy money was found on Wilson after his arrest; and Wilson testified that the defendant had no involvement in the crime.
 

 |sThe defendant asserts that the agent’s testimony is unworthy of belief because his reports did not specify that the defendant was the party who actually handed the drugs to him. However, the document shown to the agent at trial — which was determined on redirect examination to be an arrest booking sheet, not an incident report — stated that the defendant sold marijuana to the agent.
 
 [2]
 
 The agent clarified that a booking sheet is only a brief summary, as opposed to the detailed report written by the officer at a later time.
 

 A review of the evidence shows that the agent testified that both Wilson and the defendant participated in the drug transaction. Specifically, the agent testified that he handed the $300 in buy money to Wilson, which was subsequently recovered from Wilson at the time the men were arrested. According to the agent’s testimony, it was the defendant who handed him the bag of marijuana. In contrast, Wilson accepted all blame for the crime and insisted that the defendant had no knowledge of the drugs and played no role in the transaction.
 

 As the trier of fact, the jury determines the credibility of the witnesses. In the instant case, the jury chose to believe the undercover narcotics agent over Wilson, a convicted felon. Simply failing to detail that the defendant physically handed the drugs to him in a brief booking summary does not show an internal contradiction or irreconcilable conflict impeaching the agent’s testimony. Further, finding the money on Wilson, and not the defendant, does not relate to the elements of the crime. The | (¡elements that the state was required to prove were: delivery or physical transfer of the marijuana, guilty knowledge of the marijuana at the time of the transfer, and the exact identity of the marijuana. The state carried that burden of proof beyond a reasonable doubt through the testimony of the agent, which was accepted as credible by the jury, and the admission of the crime lab report, which identified the substance purchased by the agent as marijuana.
 

 Based on this record, a rational jury could have found the essential elements of distribution of marijuana to have been proven beyond a reasonable doubt and convicted the defendant accordingly. This assignment of error lacks merit.
 

 CONCLUSION
 

 The defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Since the other charges called for a 12-person jury, a possession of cocaine charge— which required a six-person jury — was dismissed to simplify the proceedings.
 

 [2]
 

 . The document shown to the agent was not admitted into evidence and thus is not included in the appellate record.