GASKINS, J.
_J_¡The defendant, George Nelson, was convicted of distribution of a Schedule I controlled dangerous substance (CDS), marijuana. He was subsequently sentenced to 15 years’ imprisonment at hard labor to be served consecutively with any probation or parole the defendant was obligated to serve. The defendant now appeals. We affirm the defendant’s conviction and sentence.
*749 FACTS
On December 11, 2009, the Bienville Parish sheriffs department was conducting an extended undercover narcotics operation. The services of two confidential informants (CIs) were utilized. Prior to sending the CIs out, two members of the sheriffs office searched them and their vehicle. They gave the CIs buy money and concealed a video camera in the car to record any transactions. There was also an audio feed from the car to the officers; however, this was primarily for the safety of the CIs and the audio was not recorded.
The two CIs subsequently encountered the defendant and arranged to purchase marijuana from him. The transaction, wherein the defendant was paid $100 for an ounce of marijuana, was recorded by the video camera. The CIs then met up with the law enforcement officers and gave them the bag of suspected marijuana. Crime lab analysis demonstrated that the substance was, in fact, marijuana.
Due to the ongoing nature of the narcotics operation, the defendant was not immediately arrested. He was charged in February 2010 with distribution of a Schedule I CDS, marijuana. He was tried and convicted |2following a jury trial in February 2011. In addition to the testimony of the two officers and the two CIs, the state also presented a DVD recording of the transaction and still photos taken from the video. After reviewing a presentence investigation report, which noted the defendant’s two previous drug convictions, the trial court imposed a sentence of 15 years at hard labor, to be served consecutively with any other probation or parole the defendant was to serve.
The defendant appeals, asserting two assignments of error. Pursuant to well-settled law, we first consider the assignment of error pertaining to sufficiency of the evidence. See State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
SUFFICIENCY OF EVIDENCE

Law

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Carter, 42,894 (La.App.2d Cir.1/9/08), 974 So.2d 181, writ denied, 2008-0499 (La.11/14/08), 996 So.2d 1086. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own ^appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La.App.2d Cir.1/14/09), 1 So.3d 833, writ denied, 2009-0310 (La.11/6/09), 21 So.3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913; State v. Hill, 42,025 (La.App.2d Cir.5/9/07), 956 So.2d 758, writ denied, 2007-1209 (La.12/14/07), 970 So.2d 529.
Where there is conflicting testimony about factual matters, the resolution of *750 which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Speed, 43,786 (La.App.2d Cir.1/14/09), 2 So.3d 582, writ denied, 2009-0372 (La.11/6/09), 21 So.3d 299; State v. Allen, 36,180 (La.App.2d Cir.9/18/02), 828 So.2d 622, writs denied, 2002-2595 (La.3/28/03), 840 So.2d 566, 2002-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Gullette, 43,032 (La.App.2d Cir.2/13/08), 975 So.2d 753; State v. Burd, 40,480 (La.App.2d Cir.1/27/06), 921 So.2d 219, writ denied, 2006-1083 (La.11/9/06), 941 So.2d 35.
|4To present sufficient evidence of distribution of a CDS, the state must prove the following elements: (1) delivery or physical transfer of the CDS to its intended recipient; (2) guilty knowledge of the CDS at the time of the transfer; and (3) the exact identity of the CDS. State v. Ashley, 44,861 (La.App.2d Cir.10/28/09), 26 So.3d 193.

Discussion

The defendant contends that there was insufficient evidence of distribution of marijuana and of his identity as the distributor. He asserts in brief that the only evidence of his guilt was the testimony of “two convicted, paid informants.” However, the defendant’s argument goes to the weight of the evidence, not its sufficiency.
Both of the CIs identified the defendant in court as the individual to whom they paid $100 for an ounce of marijuana and the individual who delivered to them the bag of marijuana which they turned over to law enforcement. The defendant points to the fact that these two witnesses had criminal histories and that one of them did not know the defendant prior to participating in this controlled drug buy. However, lack of prior familiarity with a defendant does not render a witness’s identification of the defendant presumptively unreliable; nor does a criminal history render his testimony unreliable. Furthermore, the jury was able to test the witnesses’ identification of the defendant with their own observation of the perpetrator in the video recording of the controlled buy and the still pictures taken therefrom. To the extent the CIs’ criminal records and lack of familiarity are relevant, they bear on the credibility of the witnesses and therefore the ¡¿weight of the evidence, not its sufficiency. In other words, given the apparent credibility determinations made by the jury, a rational trier of fact viewing the evidence in the light most favorable to the prosecution could have found beyond a reasonable doubt that the defendant engaged in the distribution of marijuana.
This assignment of error is meritless.
MOTION FOR MISTRIAL
The defendant contends that the trial court erred in denying his motion for mistrial based upon his appearance in court wearing shackles.
During jury selection, the defendant was inadvertently allowed in court with shackles on his ankles. He was dressed in street clothes, including long pants. He walked a short distance before sitting at a table with his attorney. He remained seated there for about an hour and a half. Even his own lawyer and the judge failed to notice the shackles. Once made aware of the situation, defense counsel moved for a mistrial. At the ensuing hearing, testi *751 mony was presented by the chief jailer at the courthouse. The testimony established that there were only three seats from which the shackles could possibly have been observable by prospective jurors seated in the jury box for questioning during voir dire. Finding no evidence of prejudice to the defendant, the trial court denied the motion for mistrial.

Law

The issue concerning the motion for mistrial is governed by La. C. Cr. P. art. 775, which provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or |fioutside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
The determination of whether actual prejudice has occurred lies within the sound discretion of the trial judge, and this decision will not be overturned on appeal absent an abuse of that discretion. State v. Price, 40,408 (La.App.2d Cir.12/16/05), 917 So.2d 1201, writ denied, 2006-0156 (La.6/16/06), 929 So.2d 1284.
The law on the issue of whether a mistrial is warranted when jurors are exposed to a defendant in restraints was summarized by this court in State v. Thornton, 36,757 (La.App.2d Cir.1/29/03), 836 So.2d 1235, writ denied, 2003-0861 (La.10/31/03), 857 So.2d 474, as follows:
Absent exceptional circumstances, a defendant before the court should not be shackled, handcuffed, or garbed in any manner destructive to the presumption of innocence or detrimental to the dignity and impartiality of the judicial proceedings. For a finding of reversible error, the record must show an abuse of the trial court’s reasonable discretion resulting in a clear prejudice to the accused. The momentary use of restraints for the limited purpose of transporting the accused does not mandate a mistrial even when a juror sees a defendant being transported on two occasions. [Citations omitted.]
In Thornton, supra, one of the jurors briefly observed the defendant in handcuffs being transported to the courtroom for trial and mentioned it to another juror. The appellate court found no error in the trial court’s denial of a mistrial, noting that the jurisprudence was clear that such an observation under those circumstances did not mandate a mistrial. The defendant had not demonstrated clear prejudice as the result of the incident, and when questioned, the juror assured the court that he could remain |7impartial in rendering a verdict. The defendant presented no evidence to the contrary.
Similarly, in State v. Lewis, 43,402 (La.App.2d Cir.8/13/08), 990 So.2d 109, this court found that the observation by a juror of the defendant being transported into the courthouse by sheriffs deputies did not warrant a mistrial where the juror testified that her ability to remain fair and impartial would not be affected.

Discussion

In the instant case, the trial court did not abuse its discretion by denying the motion for a mistrial on the basis that it was possible that a member of the jury venire might have seen the defendant sitting in the courtroom in shackles on the morning that jury selection commenced. Not only was no attempt made to ascertain whether any of the actual jurors witnessed the defendant in restraints, but there also was no evidence that any of the prospective jurors actually saw the defendant in restraints at all. Defense counsel admitted that he was unaware that his client’s legs had been shackled, and the trial judge indicated he did not notice it either. The defendant was not shackled or handcuffed *752 during trial. Accordingly, the only evidence of potential prejudice is the fact that there were three seats in which prospective jurors could possibly have been afforded a view of the defendant’s legs during the time period in which he was restrained. No showing was made that these prospective jurors actually served on the jury. On this evidence alone, the trial court did not abuse its discretion in denying the motion for a mistrial.
This assignment of error lacks merit.
RERROR PATENT
The trial court failed to advise the defendant of his rights under La. C. Cr. P. art. 930.8. The defendant is hereby advised that no application for postconviction relief shall be considered if filed more than two years after the judgment of conviction and sentence has become final. State v. Gipson, 45,121 (La.App.2d Cir.4/14/10), 34 So.3d 1090, writ denied, 2010-1019 (La.11/24/10), 50 So.3d 827.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.