WILLIAMS, J.
|,The defendant, Randall Lamar Reeves, Jr., was charged by bill of information with two counts of distribution of marijuana, in violation of LSA-R.S. 40:966. Pursuant to a plea agreement, the defendant pled guilty to one count of distribution of marijuana and the second count was dismissed. The defendant was sentenced to serve eight years of imprisonment at hard labor, to run consecutively with any other sentence. The district court denied defendant’s motion to reconsider the sentence. The defendant appeals his sentence as excessive. For the following reasons, we affirm.
DISCUSSION
The record shows that in June 2011, defendant sold $5.00 worth of marijuana to an undercover police officer. Defendant was arrested and charged with distribution of marijuana. Subsequently, the district' court sentenced defendant to serve eight years at hard labor, to run consecutively with any other sentence. The defendant’s motion to reconsider sentence was denied and this appeal followed.
The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that given the relatively small amount of marijuana involved in this case, he should have received a more lenient sentence.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so |2long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of Article *660 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. 1, § 20⅛ if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered gross ly disproportionate if, when the | ¡¡crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792; State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. The trial court is given wide discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Diaz, 46,750 (La.App.2d Cir.12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra; State v. Free, 46,894 (La.App.2d Cir.1/25/12), 86 So.3d 29.
The offense of distribution of marijuana is punishable by imprisonment at hard labor for not less than five years, nor more than 30 years and a fine of up to $50,000. LSA-R.S. 40:966(B)(3).
Prior to imposing sentence, the district court reviewed a presentence investigation report, which showed that defendant had previously pled Lguilty to possession of marijuana, second offense, and was allowed to participate in the Bossier Parish Drug Court Program. The district court noted that while in the program, defendant had committed the instant offense, and although he was permitted to remain in drug court, defendant then committed the offense of simple burglary of an inhabited dwelling. Considering the factors of Article 894.1, the trial court found that defendant was not a candidate for probation because he would likely commit another offense if not incarcerated. Additionally, the trial court found that a lesser sentence *661 would deprecate the seriousness of his offense.
In support of his argument that he should receive a less harsh sentence, defendant cites other cases involving sales of larger amounts of marijuana, including State v. Ashley, 44,861 (La.App.2d Cir.10/28/09), 26 So.3d 193 (where the offender received a five-year sentence for selling $300.00 worth of marijuana); and State v. Dowell, 2009-0260 (La.App. 4th Cir.9/9/09), 2009 WL 8678646 (unpublished) (where' the offender received concurrent five-year sentences for selling marijuana and cocaine before being sentenced as a fourth-felony offender to 20 years at hard labor). We note that unlike the offenders in the cases cited by defendant in his appellate brief, he received a substantial benefit by pleading guilty and having his second distribution of marijuana charge nol-prossed.
The record demonstrates that the district court considered the appropriate factors and provided sufficient reasons to support the sentence imposed. In particular, the court noted that defendant had previously been given the opportunity to participate in the drug court program in order to Rassist him with any substance abuse issues, but he then failed to complete the program after committing the instant offense and simple burglary of an inhabited dwelling.
Additionally, the sentence of eight years is near the lower end of the sentencing range for distribution of marijuana and is neither grossly disproportionate to the seriousness of the offense committed nor an abuse of the court’s discretion. Thus, based on the circumstances of this case, we cannot say the sentence imposed for this defendant is constitutionally excessive. Accordingly, the assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.