974 So.2d 181 (2008)
STATE of Louisiana, Appellee,
v.
William Stephen CARTER, Appellant.
No. 42,894-KA.
Court of Appeal of Louisiana, Second Circuit.
January 9, 2008.
*183 Louisiana Appellate Project by James E. Beal, for Appellant.
William Stephen Carter, in Proper Person.
Schuyler Marvin, District Attorney, Dale Montgomery, John M. Lawrence, Assistant District Attorneys, for Appellee.
Before BROWN, PEATROSS and MOORE, JJ.
MOORE, J.
William Stephen Carter, a/k/a "Chill Will," was charged by bill of information with distribution of methamphetamine, a Schedule II CDS, in violation of La. R.S. 40:967. He proceeded to trial in which the jury found him guilty as charged. The court then sentenced him to 20 years at hard labor. He now appeals, raising by pro se brief three issues surrounding the jury's rejection of his entrapment defense, and through appointed counsel the claim of excessive sentence. We affirm.

Factual Background
In early 2006 a confidential informant ("CI") told Bossier City Police. Officer Chasen Swan that Carter was "moving meth," so Swan and the CI called him to arrange a controlled buy. The deal was set, with Officer Swan to work the transaction undercover.
On February 1, Carter drove to the appointed location, the Circle K on Hamilton Road on Barksdale Blvd., where Officer Swan and the CI were waiting. Carter voiced some concern about selling to Swan, whom he did not know, but the CI convinced him that Swan was "cool." Carter let Swan into his Monte Carlo and drove with him to the parking lot of a warehouse on Cox Street. Carter then took out a plastic bag containing a small amount of white powder and asked Swan for $45. Swan replied it was not that much meth; he offered $40. Carter agreed, taking the $40 and giving Swan the bag. Carter added that this was "fire dope," and he should call him again. Carter then drove Swan back to the Circle K and dropped him off.
Another officer, Louis Smith, conducted surveillance and confirmed that Swan got into Carter's car, drove away, and returned a short while later with a bag of meth. Although Swan was "wired," Smith did not record the transaction and could not recall anything he heard over the wire. Lab analysis confirmed that the powder in the bag contained methamphetamine. Officer Swan testified that he did not give the meth to Carter, and he did now know where Carter obtained it.
Carter testified in his own defense, admitting that he sold the meth to Swan for $40. He also admitted two 1995 convictions for property crimes and a 2005 conviction for possession of meth. However, he felt he had been pressured into the latest deal. He identified the CI as Josh Morehead, a friend who worked sweeping parking lots and sidewalks for businesses after hours. He testified that Josh, along with two women named Tina and Christi, had been trying to get him to sell dope to Josh's boss, whom he later learned was Swan. Josh told him that if he (Carter) would sell some "ice" to Swan, Swan would give him a job too. Carter finally agreed, as he was in financial trouble and badly needed a job. He testified that Josh gave him the meth that he later sold to Swan. He insisted that he never would have done this but for the inducement of Josh, who was working for Officer Swan.
*184 On cross-examination, Carter testified that Josh was now out of state, perhaps in Kentucky, and that Tina and Christi still lived in Shreveport, but he did not subpoena them because he did not know their full addresses. He also testified that Officer Swan was lying about where Josh got the meth. Finally, he admitted that when Swan counteroffered $40, he could have backed out of the sale, but failed to do so.
By an 11-1 vote, the jury found Carter guilty as charged. The court sentenced him to 20 years at hard labor and this appeal followed.
Assignments Pertaining to Entrapment
By his first and fourth pro se assignments of error, Carter urges the district court erred in denying his motions for new trial and post verdict judgment of acquittal. He contends that the evidence clearly shows a confederation of two state agents, Officer Swan and the CI, Josh Morehead, to induce him into a crime he would not otherwise have committed. He also argues that once evidence of the source of the CDS was introduced, the burden shifted to the state to prove beyond a reasonable doubt that the informer did not supply it, but the state failed to do so. United States v. Silver, 457 F.2d 1217 (3 Cir.1972); United States v. Bueno, 447 F.2d 903 (5 Cir.1971). He concludes that no conviction may be based on a sale of CDS which a government informer supplied to the accused for sale to an undercover agent. United States v. Bueno, supra.
The constitutional standard of review for sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, XXXX-XXXX (La.5/20/03), 851 So.2d 921. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigforcl, XXXX-XXXX (La.2/22/06), 922 So.2d 517. It is not the function of a reviewing court to assess credibility or reweigh evidence. State v. Marcantel, XXXX-XXXX (La.4/3/02), 815 So.2d 50.
Carter does not contest that he committed every essential element of the offense of distribution of a Schedule II CDS, but rather that he did so only by entrapment. Entrapment occurs when a state agent, to obtain evidence of the commission of an offense, solicits, encourages, or otherwise induces another person to engage in conduct constituting an offense when he is not otherwise predisposed to commit such an offense. State v. Brand, 520 So.2d 114 (La.1988); State v. Presson, 39,688 (La.App. 2 Cir. 4/6/05), 900 "So.2d 240. The, entrapment defense comprises two elements: (1) an inducement by a state agent to commit an offense, and (2) lack of predisposition to commit the offense on the part of the defendant. State v. Brand, supra; State v. Presson, supra. Entrapment is an affirmative defense which must be raised by the defendant and supported by a preponderance of the evidence. Id. Once the defendant meets this burden, the state has the burden of proving beyond a reasonable doubt that the defendant was predisposed to commit the crime prior to government involvement. Jacobson v. United States, 503 U.S. 540, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992); State v. Brand, supra. Whether a government agent induced an otherwise innocent person into committing a crime is a question to be resolved by the trier of fact. State v. Brand, supra. On appeal, claims of entrapment are reviewed under the *185 Jackson v. Virginia standard. State v. Presson, supra.
On this record, the claim of entrapment falls far short of undermining the jury's verdict. Officer Swan began this investigation upon reliabl information that Carter was "moving meth," and Carter admitted one prior conviction for possession of meth. These facts prove his involvement in the drug trade and strongly suggest a predisposition to sell. Against this showing, Carter advanced the self-serving claim that he had never sold drugs before, a contention the jury was entitled to disbelieve. Further, Officer Swan flatly denied suppling the CI with any meth; Carter's claim to the contrary was based on hearsay from Josh and Tina, whom he did not call to testify. The jury was entitled to reject Carter's theory that the meth originated with Officer Swan, thus distinguishing the case from United States v. Buena supra. Carter's admitted financial difficulties and prospect of quick cash would appear to be sufficient inducement for selling meth.
In short, the evidence was sufficient to prove beyond a reasonable doubt that Carter was predisposed to commit the offense and that Officer Swan did not induce him to do so. These assignments of error lack merit.
By his third pro se assignment of error, Carter urges the district court erred in denying his proposed jury instruction on entrapment, which allegedly included a definition of "predisposition." He concedes that the court has substantial latitude in tailoring instructions as long as they fairly and adequately cover the issues presented by the case, but contends that the instructions given did not adequately cover the complex issues of affirmative defense, predisposition, actions of government informers, and public policies.
The court is required to charge the jury as to the law applicable to the case. La. C. Cr. P. art. 802. The state and defendant have the right before argument to submit to the court special written charges for the jury. La. C. Cr. P. art. 807. This article further provides,
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
State v. Tate, supra; State v. Spears, 39,302 (La.App. 2 Cir. 9/27/06), 940 So.2d 135, writ denied, 2006-2704 (La.8/31/07), 962 So.2d 424. Failure to give a requested jury instruction is reversible error only when there is a miscarriage of justice, prejudice to the substantial rights of the accused, or a substantial violation of a constitutional or statutory right. Id.
The district court refused the requested jury charge, as the general charge was "taken pretty much from the treatise on jury instructions." The charge explained the concept of predisposition as follows:
A defendant is entrapped when he is induced or persuaded by law enforcement officers or their agents to commit a crime that he had no previous intent to commit. Entrapment is shown when it appears that an officer or his agent instigated the defendant to commit an offense which the defendant otherwise would not have committed and had no intention of committing. It is not entrapment if the defendant already had the reckless criminal intent and the officer or his agent merely furnished the defendant with the opportunity to commit the offense. The fact that an opportunity is furnished or that the defendant is aided in the commission of a crime *186 which he was predisposed to commit or originated in his own mind is no defense.
This general charge closely tracks the explanation of predisposition found in State v. Brand and State v. Presson, supra. In at least two cases, courts have approved this precise formulation as an adequate jury charge of entrapment. State v. Garrison, 400 So.2d 874 (La.1981); State v. Simpson, XXXXX-XXXX (La.App. 4 Cir. 10/16/02), 829 So.2d 650, writ denied, XXXX-XXXX (La.9/19/03), 853 So.2d 634. We likewise find that the given charge adequately explains the concept of predisposition and the other elements of entrapment. The district court did not err in refusing Carter's special jury charge. This assignment of error lacks merit.
By his second pro se assignment of error, Carter urges the district court erred in "not acknowledging" his motion to quash, which advanced "point, facts and situations establishing entrapment." He contends that failure to address this motion was a denial of due process.
On close review, we do not find that Carter objected to the district court's failure to rule on his motion. This waives the claim on appeal. La. C. Cr. P. art. 841; State v. Woodfox, 291 So.2d 388 (La.1974); State v. Griffin, XXXX-XXXX (La.App. 4 Cir. 1/15/03), 838 So.2d 34, writ denied, XXXX-XXXX (La.11/7/03), 857 So.2d 515. Moreover, the motion to quash is a mechanism by which to raise pretrial pleas which do not go to the merits of the charge. State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, cert. denied, 525 U.S. 876, 119 S.Ct. 179, 142 L.E d.2d 146 (1998); State v. Thomas, 28,790 (La.App. 2 Cir. 10/30/96), 683 So.2d 1272, writ denied, 96-2844 (La.4/25/97), 692 So.2d 1081. A motion to quash raising the factual defense of entrapment would be inevitably denied. State v. Thomas, supra. This assignment of error lacks merit.

Excessive Sentence
Through appointed counsel, Carter urges the 20-year sentence is excessive. He concedes he had three prior felony and 10 prior misdemeanor convictions, but urges that two of the felonies predated 1994. He also argues that the district court "totally disregarded" the substantial evidence of entrapment, and that a shorter sentence would better achieve the dual objectives of punishment and rehabilitation.
The state responds that the court adequately considered all relevant sentencing factors. It concludes that in light of Carter's significant criminal history, the 20-year sentence was no abuse of discretion.
Appellate review of sentences for excessiveness is a two-pronged inquiry. First, the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. State v. Smith, 433 So.2d 688 (La.1983); State v. Woods, 41,420 (La.App. 2 Cir. 11/1/06), 942 So.2d 658, writs denied, 2006-2768, 2781 (La.6/22/07), 959 So.2d 494. When the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article. State v. Lanclos, 419 So.2d 475 (La.1982). The court is not required to assign any particular weight to any specific matters at sentencing. State v. Quiambao, 36,587 (La.App. 2 Cir. 12/11/02), 833 So.2d 1103, writ denied, XXXX-XXXX (La.5/16/03), 843 So.2d 1130.
Referring to a presentence investigation, the court found Carter's lengthy criminal history to be "very disturbing," beginning with a 1992 misdemeanor conviction for theft and including nine other misdemeanors and three felonies. Carter was technically *187 a fourth felony, offender who had drawn probation for a prior CDS conviction. The court noted that Carter was 31 years old at the time of this offense, was married with one child, and had obtained a GED and CNA certificate. However, the court also noted that this offense resulted from circumstances that were likely to recur, and that the jury had rejected the claim of entrapment. Carter does not show that any of the court's findings are wrong, and we discern adequate compliance with Art. 894.1.
The second prong is constitutional excessiveness. A sentence violates La. Const. Art. 1, §, 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1528 (La.5/16/00), 769 So.2d 1158. The district court has wide discretion in the imposition of sentences within the statutory limits, and such a sentence should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams, XXXX-XXXX (La.12/13/04), 893 So.2d 7; State v. Hardy, 39,233 (La.App. 2 Cir. 1/26/05), 892 So.2d 710.
Distribution of methamphetamine carries a sentence of 2 to 30 years at hard labor and a fine of up to $50,000. La. R.S. 40:967 B(1). At two-thirds of the maximum, Carter's sentence is long but is not out of proportion to the offense and offender. Carter's record shows a strong proclivity for criminal activity. His prior felony conviction for possession of Schedule II CDS resulted in a suspended sentence; he completed parole in December 2005, less than two months before the instant offense. The PSI discloses subsequent arrests for distribution of cocaine and meth. On this record we do not find any abuse of the court's wide sentencing discretion. This assignment of error lacks merit.

Conclusion
We have reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2). For the reasons expressed, Carter's conviction and sentence are affirmed.
AFFIRMED.