BROWN, Chief Judge.
|,After taking a 2002 Acura from its owner without paying the agreed-upon purchase price, defendant, Kevin L. Logan, was arrested and charged with theft. *1168 Following a jury trial, defendant was found guilty of felony theft, a violation of La. R.S. 14:67, and was sentenced to 10 years’ imprisonment with credit for time served. The state then filed a habitual offender bill charging defendant as a second felony offender. As part of a plea agreement on the habitual offender bill, defendant pled guilty as charged and received an agreed-upon sentence of 15 years’ imprisonment at hard labor without benefit of probation or suspension of sentence. Defendant has appealed his conviction. We affirm.

Discussion: Sufficiency of the Evidence

According to defendant, the state failed to establish two essential elements of the charged offense. First, the state failed to present sufficient evidence to prove that defendant took the vehicle without Allyson Jennings’ consent or by means of fraudulent conduct, practices or representations. Defendant next argues that the state failed to prove that he acted with the intent to permanently deprive Mrs. Jennings of her vehicle.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 01-1658 (La.05/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Carter, 42,894 (La. App£d2 Cir.01/09/08), 974 So.2d 181, writ denied, 08-0499 (La.11/14/08), 996 So.2d 1086.
La. R.S. 14:67 as it read at the time of the offense[1] provided in part that:
(A) Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
(B)(1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
Based upon the direct and circumstantial evidence present, we find that there was sufficient evidence presented from which the jury could have found defendant guilty of felony theft.
On March 30, 2009, defendant took possession of a 2002 Acura owned by Allyson and Drew Jennings, with their permission, based upon his claims that he would transfer $8,500 as payment for the vehicle into Mrs. Jennings’ credit union account. Once the funds were not transferred, Mrs. Jennings called defendant requesting return of the car until she received payment of the purchase price. At that point, defendant’s consent to drive/use the Jennings vehicle was rescinded. Despite telling Mrs. Jennings that he would return the car, defendant did not do so. Instead, he | ¡¡blocked Mrs. Jennings’ cell and home numbers from his cell phone and avoided further contact with her.
*1169 Several days later, defendant registered the 2002 Acura in his name in Texas, using the original title to.the vehicle that had “disappeared” from the office of the credit union loan officer. The loan officer testified that defendant was the only person in her office just before the title disappeared from an open file on her desk.
As stated, defendant presented the same title to register the vehicle in his name in Texas. The detective investigating the case obtained copies of the title presented in Texas for the vehicle’s registration. It was identified as the title removed from the loan officer’s desk. At the time that defendant registered the vehicle in Texas, he still had not tendered payment for the car. Defendant blocked Mrs. Jennings’ calls to his cell phone once she discovered that payment had not been made. Defendant evaded all further contact with Mrs. Jennings after she asked that he return the car until the purchase price had been paid. At that time, her consent for defendant to have the automobile was revoked and his possession was no longer lawful. Further, registering the title in his name in Texas was evidence to show that he took the title from the loan officer’s desk and manifested an intent to permanently deprive Mrs. Jennings of her vehicle. Clearly the state met its burden of proving beyond a reasonable doubt the elements of felony theft. This assignment of error is without merit.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.

. La. R.S. 14:67 as amended in 2010 (effective August 15, 2010) increased the values for the various grades of theft.