DREW, J.
Willie Johnson was sentenced to four years at hard labor after his conviction at jury trial for the crime of resisting an officer with force or violence, in violation of *409 La. R.S. 14:108.2. He now appeals. We affirm in all respects.

TESTIMONY

Corporal Lauzon, of the Shreveport Police Department, testified that:
• on October 10, 2011, at 7:45 a.m., he responded to a disturbance between two females at the Stop and Fly gas station on Jewella Avenue;
• he was in uniform and in a fully marked police car;
• upon arrival, he found Shimeshia Easter being examined by the Shreveport Fire Department paramedics, so he spoke with her boyfriend, the defendant;
• the defendant told him that he had heard that his girlfriend was in a fight so he came to the scene to check on her;
• he told the defendant to stay where he was so he could speak with the girlfriend privately;
• Easter told him that she was standing at the gas station when the other female arrived with her mother and threw a brick at her;
• the two women began fighting and the mother joined in the fight;
• he saw no evidence of a brick at the scene;
• Easter began yelling when he told her that she had criminal exposure, and therefore he would not be arresting the other woman;
• the defendant then approached and also began yelling;
• at Easter’s request, Lauzon called for his supervisor;
• he asked the defendant several times to back away and lower his voice because he was drawing a crowd;
• the defendant began pacing back and forth, which interrupted his interview with Easter because, as the only officer on the scene, he had to constantly watch the defendant’s actions, for officer safety;
• the defendant was verbally aggressive, angry, and clenching his fists;
• the defendant continued moving to the right, which prevented Lauzon from watching him and the crowd that was gathering;
• he attempted to call for backup and told the defendant to back away;
• the defendant told him, “I say my piece”;
• when the defendant refused to lower his voice and back away, he told the defendant to turn around to be patted down for weapons;
• the defendant turned around, but was uncooperative;
• he moved the defendant to his car the better to control his movements;
• the defendant pulled his left arm free and pushed himself into the officer;
• he tried to subdue the defendant by putting his arm over his shoulder, but he spun around and punched him in the ribs, opening his protective vest;
• he pointed his taser at the defendant, who had assumed a fighting stance;
• by this time, 10 to 15 people had gathered and he was the only officer there;
• he kept his taser pointed at the defendant until backup arrived;
• he told the defendant several times to stop resisting;
• officers viewed the gas station’s video, but were unable to copy it;
• recordings were also made by the camera in his patrol unit and the microphone attached to his police uniform;[1]
*410 • he told the defendant several times to calm down; and
• he decided to detain the defendant because of his continued interference with the officer’s interview and for safety concern.
Tammy Jones testified that she was stopped at a traffic light by the station when she saw a white police officer talking with a black male. She then saw the male strike the officer in the face and then crouch in a fighting stance. She saw the officer pull out a weapon of some kind. She was not able to identify any faces. She thought the officer was in trouble and called 911.
Barbara Jenkins testified that:
• she was stopped at the traffic light at the scene when she saw a fight between a white officer, a black male, and a black female;
• the officer appeared to be trying to get the man to back up;
• the male put his hands behind his back, but then spun around and began fighting with the officer, who was attempting to handcuff the male;
• she identified the defendant as the black male she saw that day; and
• she called 911 and later returned to the station to check on the officer.
The defendant’s witnesses tell a remarkably different story.
Earnest Small testified that:
• he saw the officer speaking with Easter and saw the defendant try to tell the officer where to find the people who had attacked Easter;
• the officer told the defendant “to shut up and get back”;
• the defendant again said something and the officer told him “just shut up and be quiet right now”;
• when the officer told the defendant to put his hands on the police car, the officer jumped on the defendant, trying to choke him;
• the police officer then jumped on the defendant’s back, accusing him of resisting, but he was not resisting;
• the officer pulled out his taser and called for backup;
• when the backup arrived, they all attacked the defendant; and
• the defendant never struck the officer, though he did take the officer’s hand off his neck when the officer had him in a choke hold.
Shimeshia Easter testified that the defendant complied with all of the officer’s orders and he never struck the officer.
The defendant testified that Easter kept looking at him for the names of the women who attacked her, so he was shouting the names. When the officer said Easter could not press charges, he asked for a supervisor and Lauzon told him to be quiet. When Lauzon told him to approach, he moved toward the officer with his hands behind his back, at which point the officer began choking him. He fully complied with the officer’s orders and he never struck the officer.
After being convicted by the jury, the defendant then pled guilty to being a second-felony habitual offender for an agreed sentence of four years at hard labor.

DISCUSSION

There are four related issues assigned as error:
• Sufficiency of the evidence;
• The state’s failure to meet its burden of proof as to all elements of the crime;
• Failure to grant a post verdict judgment of acquittal; and
• Failure to grant a new trial.
*411 The defendant argues that there was insufficient evidence to convict him of resisting an officer by force or violence because:
(1) Officer Lauzon was not attempting to seize property, serve process, or make an arrest when the defendant refused to cooperate;
(2) Lauzon did not have authority to arrest him because he had not broken any laws; and
(3) Lauzon was upset that the defendant and Easter had requested a supervisor and because the defendant was not cooperating, but these reasons did not justify the officer’s restraint of the defendant.
The state responds that the required elements were met because:
(1) Lauzon was in a marked police car, was wearing his police uniform, and was acting in the performance of his duty;
(2) The defendant created a safety issue, justifying a pat down for safety;
(3) The defendant used force against the officer when Lauzon tried to detain him by pushing the officer away and then striking the officer; and
(4)The defendant struck him, as confirmed by testimony from the state’s witnesses, Tammy Jones and Barbara Jenkins.
La. R.S. 14:108.2, Resisting an officer with force or violence, states in pertinent part that:
A. Resisting a police officer with force or violence is any of the following when the offender has reasonable grounds to believe the victim is a police officer who is arresting, detaining, seizing property, serving process, or is otherwise acting in the performance of his official duty: (1) Using threatening force or violence by one sought to be arrested or detained before the arresting officer can restrain him and after notice is given that he is -under arrest or detention.
[[Image here]]
(4)Using or threatening force or violence toward a police officer performing any official duty. (Emphasis added.)
All four of defendant’s assignments relate to his claims of evidentiary insufficiency. Our law relative to appellate scrutiny of this issue is well settled.[2]
*412 Defendant cites a series of cases, each of which was decided based on La. R.S. 14:108,[3] and not La. R.S. 14:108.2, the crime of conviction.
The evidence of guilt is overwhelming, and the verdict is appropriate. The jury did not believe Earnest Small, Shimeshia Easter, or the defendant.
Lauzon arrived in a marked police car. He was dressed in his uniform, responding in the line of duty about a reported assault and battery. As confirmed by the audio, when Easter requested a supervisor, Lau-zon immediately did so.
The defendant interfered with the investigation by ignoring the officer’s commands to stay back and be quiet until the officer completed his interview. The defendant ignored the officer’s requests and continued to be disruptive by yelling, pacing, and acting physically and verbally aggressive.
The defendant’s noncompliant and aggressive actions prevented the officer from conducting his interview and created a safety issue for Lauzon, the only officer on the scene. Lauzon was now compelled to act to protect himself so that he could *413 continue his duty to investigate without fear of a sudden attack from the defendant. Lauzon was justified in detaining and restraining the defendant.
When the defendant pulled away and struck the officer, he indeed violated the crime of resisting an officer by force or violence.
The jury apparently believed the recordings and the state’s witnesses. Further, the jury apparently disbelieved the defendant and his witnesses.
Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found, beyond a reasonable doubt, that the evidence was sufficient to find the defendant guilty of resisting an officer by force or violence.
The trial court did not err in denying the motion for post verdict judgment of acquittal, as the defendant made no showing that the verdict was contrary to the law and evidence, that there was any prejudicial error, that new and material evidence existed, that prejudicial errors had been made, or that justice warranted a new trial. The trial court was correct to deny the motion for a new trial.
DECREE
The defendant’s conviction and sentence are AFFIRMED.

. The police video and audio were placed in evidence and played for the jury. The electronic evidence backs up the officer’s version of the facts.

. The Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), held that the proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. The standard of review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Carter, 42,894 (La.App.2d Cir. 1/9/08), 974 So.2d 181, writ denied, 2008-0499 (La.11/14/08), 996 So.2d 1086. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La.App.2d Cir.1/14/09), 1 So.3d 833, writ denied, 2009-0310 (La.11/6/09), 21 So.3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913, cert denied, - U.S. -, 130 S.Ct. 3472, 177 L.Ed.2d 1068 (2010); State v. Hill, 42,025 (La.App.2d Cir.5/9/07), 956 So.2d 758, writ denied, 2007-1209 (La.12/14/07), 970 So.2d 529.
*412 Direct evidence provides proof of the existence of a fact, for example, a witness's testimony that he saw or heard something. State v. Lilly, 468 So.2d 1154 (La.1985). Circumstantial evidence provides proof of collateral facts and circumstances, from which the existence of the main fact may be inferred according to reason and common experience. Id. The trier of fact is charged with weighing the credibility of this evidence and on review, the same standard as in Jackson v. Virginia is applied, giving great deference to the fact finder’s conclusions. Id.
When the state relies on circumstantial evidence to establish the existence of an essential element of a crime, the court must assume every fact that the evidence tends to prove and the circumstantial evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. State v. Lilly, supra.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Speed, 43,786 (La.App.2d Cir. 1/14/09), 2 So.3d 582, writ denied, 2009-0372 (La.11/6/09), 21 So.3d 299; State v. Allen, 36,180 (La.App.2d Cir.9/18/02), 828 So.2d 622, writs denied, 2002-2595 (La.3/28/03), 840 So.2d 566, 2002-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Gullette, 43,032 (La.App.2d Cir.2/13/08), 975 So.2d 753; State v. Burd, 40,480 (La.App.2d Cir. 1/27/06), 921 So.2d 219, writ denied, 2006-1083 (La.11/9/06), 941 So.2d 35.
The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness; the reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law. State v. Casey, 1999-0023 (La.1/26/00), 775 So.2d 1022, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).
La. C. Cr. P. art. 821 states that a post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the prosecution, does not reasonably permit a finding of guilty.
Under La. C. Cr. P. art. 851, a motion for new trial shall be granted whenever the verdict is contrary to the law and the evidence; the trial court’s ruling on a motion or objection shows prejudicial error; new and material evidence exists that would have changed the verdict if presented at trial; a prejudicial error or defect was discovered since the verdict; or the court finds that the justice would be served by granting a new trial.

. Even if the cases decided under La. R.S. 14:108 were applicable, the defendant fails to acknowledge its 2006 amendment, adding lawful detention as a situation prohibiting a detainee from interfering with, obstructing, opposing, or resisting an officer. It was objectively reasonable for the officer both to detain and frisk the defendant.