Judgment rendered May 5, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,797-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

RUSSELL SULLIVAN                          Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 222,659

Honorable Michael O. Craig, Judge

* * * * *

THE HATCH LAW FIRM, LLC                  Counsel for Appellant
By: Christopher Hatch

SCHUYLER MARVIN                          Counsel for Appellee
District Attorney

JOHN M. LAWRENCE
ALEXANDRA AIELLO
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, and BLEICH (*Pro Tempore*), JJ.

**BLEICH, J., (*Pro Tempore*).**

The defendant, Russell Sullivan, was charged by bill of information with 15 counts of possession of pornography involving juveniles, in violation of La. R.S. 14:81.1. After a trial, defendant was found guilty as charged by a non-unanimous jury. Defendant was sentenced on each count to serve 10 years' imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, with the sentences to run concurrently. Defendant appeals his convictions alleging the evidence was insufficient and the non-unanimous jury verdict was improper. In light of the United States Supreme Court's ruling in *Ramos v. Louisiana*, __U.S. __, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), and the fact that this matter is on direct appeal, the defendant's convictions must be reversed and his sentences vacated. Thus, this matter is remanded for a new trial.

## FACTS

The record shows that after an investigation by the state, 15 images of child pornography were seized from a computer located in defendant's residence. He was charged with 15 counts of possession of pornography involving juveniles, with the dates of offenses ranging from January 1, 2009, through August 31, 2016. Following a jury trial, defendant was found guilty as charged. Defendant was sentenced to 10 years at hard labor without benefit of parole, probation, or suspension of sentence on each count, with the sentences to run concurrently. The trial court denied his motions for post-verdict judgment of acquittal, for new trial and to reconsider sentence. This appeal followed.

**DISCUSSION**

The defendant contends the evidence presented at trial was insufficient to support the convictions. Defendant argues that the state failed to prove beyond a reasonable doubt that he intentionally possessed the 15 digital images referenced in the separate counts alleged in the bill of information because the state's witnesses did not show a connection between those images and the files in his computers.

When issues raised on appeal involve both the sufficiency of the evidence and other trial errors, the reviewing court should first determine the sufficiency of the evidence. *State v. Hearold*, 603 So. 2d 731 (La. 1992). The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal if a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. *Hudson v. Louisiana*, 450 U.S. 40, 101 S. Ct. 970, 67 L. Ed. 2d 30 (1981); *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Steines*, 51,698 (La. App. 2 Cir. 11/15/17), 245 So. 3d 224, *writ denied*, 17-2174 (La. 10/8/18), 253 So. 3d 797.

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia, supra*; *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Carter*, 42,894 (La. App. 2 Cir. 1/9/08), 974 So. 2d 181, *writ denied*, 08-0499 (La. 11/14/08), 996 So. 2d 1086. This standard, now legislatively

2

embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517; *State v. Dotie*, 43,819 (La. App. 2 Cir. 1/14/09), 1 So. 3d 833, *writ denied*, 09-0310 (La. 11/6/09), 21 So. 3d 297.

The *Jackson* standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. *State v. Sutton*, 436 So. 2d 471 (La. 1983); *State v. Robinson*, 50,643 (La. App. 2 Cir. 6/22/16), 197 So. 3d 717, *writ denied*, 16-1479 (La. 5/19/17), 221 So. 3d 78.

Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. *State v. Mingo*, 51,647 (La. App. 2 Cir. 9/27/17), 244 So. 3d 629, *writ denied*, 17-1894 (La. 6/1/18), 243 So. 3d 1064. If a case rests essentially upon circumstantial evidence, that evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438; *State v. Mingo, supra*. The appellate court reviews the evidence in the light most favorable to the prosecution and determines whether an alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. *State v. Calloway*,

3

07-2306 (La. 1/21/09), 1 So. 3d 417; *State v. Garner*, 45,474 (La. App. 2 Cir. 8/18/10), 47 So. 3d 584, *writ not cons.*, 12-0062 (La. 4/20/12), 85 So. 3d 1256.

The appellate court does not assess the credibility of witnesses or reweigh evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442. A reviewing court accords great deference to the jury's decision to accept or reject the testimony of a witness in whole or in part. *State v. Casaday*, 49,679 (La. App. 2 Cir. 2/27/15), 162 So. 3d 578, *writ denied*, 15-0607 (La. 2/5/16), 186 So. 3d 1162.

Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. *State v. Crossley*, 48,149 (La. App. 2 Cir. 6/26/13), 117 So. 3d 585, *writ denied*, 13-1798 (La. 2/14/14), 132 So. 3d 410; *State v. Speed*, 43,786 (La. App. 2 Cir. 1/14/09), 2 So. 3d 582, *writ denied*, 09-0372 (La. 11/6/09), 21 So. 3d 299. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Johnson*, 47,913 (La. App. 2 Cir. 4/10/13), 113 So. 3d 1209.

It shall be unlawful for a person to produce, promote, advertise, distribute, possess, or possess with the intent to distribute pornography involving juveniles. La. R.S. 14:81.1(A)(1). "Pornography involving juveniles" is any photograph, videotape, film, or other reproduction, whether electronic or otherwise, of any sexual performance involving a child under the age of seventeen. La. R.S. 14:81.1(B)(8). Lack of knowledge of the juvenile's age shall not be a defense. La. R.S. 14:81.1(D)(1).

4

In the present case, defendant was charged with 15 counts of possession of pornography involving juveniles between January 1, 2009, and August 31, 2016. Prior to the beginning of *voir dire*, the attorneys and trial court discussed on the record a stipulation regarding the 15 images in order to prevent publishing those images to the jury. The parties stipulated that the 15 images, corresponding to the 15 counts in the bill of information, constitute pornography involving juveniles pursuant to La. R.S. 14:81.1 and were found on an Acer Aspire laptop computer located in defendant's residence. The images were saved on a disk and admitted into evidence but were not shown to the jury.

The testimony at trial established that the cyber crimes unit of the Louisiana Department of Justice has an automated system to identify child pornography on the internet called CPS, which gathers publicly shared files on peer-to-peer networks that have titles indicative of child pornography. Lisa Maher, a special agent with the Louisiana Bureau of Investigation, testified that CPS had gathered multiple files with title names known to contain child pornography that were shared by a certain IP (Internet Protocol) address. Agent Maher stated she obtained an administrative subpoena for that IP address to identify the individual to whom the address was assigned during the time period when the child pornography was shared. The subpoena return provided defendant's name and residence. Agent Maher testified that between June and August 2016, defendant's IP address had shared files with titles, called Hashsets, related to child pornography.

Thomas Ferguson, who was accepted as an expert in computer forensic examinations, testified that he found evidence of files involving child pornography on two of the electronic devices seized from defendant's

residence. Ferguson testified that a peer-to-peer program installed on one of those devices, the Acer Aspire laptop, contained file names with terms indicative of child pornography. He stated that the files had been created as far back as 2010, some contained "Russell" in the file name, and were saved in "my docs." Ferguson testified that he found evidence that child pornography videos had been played between June 27, 2015, and August 27, 2016, as shown by examination of the "recent playlist" on the laptop. Ferguson stated that 15 link files found on the Acer laptop indicated that files related to child pornography had been opened during the years 2011 to 2014. Ferguson testified that his forensic examination revealed that many files containing child pornography had been deleted on multiple prior dates from the laptop utilizing anti-forensic programs such as RegCure and Shredder. Ferguson recited a list of graphic file names or titles which indicated that child pornography had been opened on defendant's laptop. Ferguson testified that he found 25 images of child pornography on the Acer computer in a thumbnail cache, which is a file that stores tiny representations, a "thumbnail view," of photos and video.

Defendant testified that he has a master's degree in business administration and had worked as a senior financial analyst for a casino company. Defendant stated he had taught himself how to improve the operation of used computers and had repaired computers for family and friends. Defendant acknowledged that he had used the peer-to-peer networks to download hundreds of "Hollywood and Disney type movies." He adamantly denied that he ever viewed child pornography. Defendant stated that he had not seen the files found on his computer by the state's expert and did not know that those file names, which he called "disgusting,"

were associated with child pornography. Defendant denied having ever opened the thumbnail cache on his laptop, denied having ever intentionally downloaded child pornography, and denied ever seeing any such contraband on his computer.

Regarding the question of how the files related to child pornography appeared on his computer, defendant described his fairly complex method of finding general interest movies through a process of bulk downloading hundreds of files from the peer-to-peer networks and then sorting the files. He explained that he searched for movies according to file size or length, not by file name or content, and then individually deleted the files that were not the length of a "Hollywood" type movie. Defendant admitted that through this process, he "unknowingly, unintentionally" downloaded the child pornography.

The jury heard the testimony and weighed the credibility of the witnesses. Based upon this record, the jury could have reasonably determined that defendant was intentionally in possession of the child pornography images found on his computer. Viewed in the light most favorable to the state, the evidence presented at trial is sufficient to support defendant's convictions for possession of pornography involving juveniles. Thus, the assignment of error lacks merit.

*Non-unanimous Jury Verdict*

Defendant contends the trial court erred in denying his motion for a jury instruction requiring a unanimous vote of jurors to render a verdict. Defendant argues that his convictions must be reversed because he was convicted by a non-unanimous jury.

7

In *State v. Ramos*, 16-1199 (La. App. 4 Cir. 11/2/17), 231 So. 3d 44, *writs denied*, 17-2133 (La. 6/15/18), 257 So. 3d 679, 17-1177 (La. 10/15/18), 253 So. 3d 1300, the defendant was convicted of second-degree murder by a vote of 10-2. The murder was committed in 2014; he was found guilty in 2016. The defendant appealed his conviction, arguing that the trial court erred in denying his motion to require a unanimous jury verdict. He asserted that La. C. Cr. P. art. 782 violates the Equal Protection Clause contained in the Fourteenth Amendment of the United States Constitution and that Louisiana's statutory scheme permitting non-unanimous jury verdicts in noncapital felony cases should be declared unconstitutional. The court upheld the constitutionality of Article 782, finding that under the existing jurisprudence from the U.S. Supreme Court, non-unanimous 12-person jury verdicts are constitutional.

The United States Supreme Court granted *certiorari* in *Ramos v. Louisiana*, __U.S.__, 139 S. Ct. 1318, 203 L. Ed. 2d 563 (2019), to determine whether the Fourteenth Amendment fully incorporates the Sixth Amendment guarantee of a unanimous verdict. On April 20, 2020, the United States Supreme Court held that the Sixth Amendment right to a jury trial, as incorporated by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense in both federal and state courts. The Court concluded, "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal trials equally . . . So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." *Ramos v. Louisiana*, 140 S. Ct. at 1397. Thus, according to *Ramos v. Louisiana, supra*, Louisiana must grant a new trial to defendants

8

who were convicted of serious offenses by non-unanimous juries and whose cases are still pending on direct appeal.

In the present case, the jury was not unanimous in finding defendant guilty of 15 counts of the serious offense of possession of pornography involving juveniles. This case is on direct review and *Ramos v. Louisiana, supra*, is applicable. The state's argument on appeal that Article 782(A) applies and that this case involves a retroactive application of *Ramos* is without merit.

The record shows that a poll of the jury revealed a vote of 11-1. We note that even if the issue was not preserved by defendant for appellate review, this error is patent on the face of the record. *State v. Lynn*, 20-00283 (La. 6/3/20), 296 So. 3d 1035. Therefore, in light of the United States Supreme Court's ruling in *Ramos v. Louisiana, supra*, and the fact that this matter is on direct appeal, we must reverse defendant's convictions for possession of pornography involving juveniles and vacate the sentences imposed. Accordingly, defendant is entitled to a new trial.

## CONCLUSION

For the foregoing reasons, the defendant's convictions are hereby reversed and the sentences are vacated. This matter is remanded to the trial court for further proceedings.

**CONVICTIONS REVERSED; SENTENCES VACATED; REMANDED.**